UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-30131-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER DENYING |
| vs. | * | DEFENDANT'S MOTION |
| | * | TO DISMISS |
| ELI HENRY SIERS, | * | COUNTS I, II, AND III |
| | * | |
| Defendant. | * | |

**I. Introduction**

The Indictment in the present case charges Defendant Eli Henry Siers with two counts of assault with a dangerous weapon (Counts I and II), one count of child abuse (Count III), one count of using, carrying, or possessing a firearm during and in relation to a crime of violence (Count IV), and one count of being a felon in possession of a firearm (Count V). (Doc. 10). Defendant moves to dismiss Counts I, II, and III of the Indictment. (Doc. 38). The Government has filed a response resisting the motion. (Doc. 43). For the reasons stated below, this Court denies without prejudice Defendant's Motion To Dismiss Counts I, II, and III.

**II. Discussion**

Counts I and II of the Indictment charge Defendant with violating 18 U.S.C. § 113(a)(3) for allegedly assaulting Elijah Valandra ("Valandra") with a dangerous weapon on September 11, 2011. (Doc. 14). Counts I and II differ in respect to the dangerous weapon Defendant allegedly used to assault Valandra; Count I involves the use of a handgun, while Count II concerns a motor vehicle. (Doc. 10). Defendant argues that Counts I and II are multiplicitous and should therefore be merged.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Sandstrom, 594 F.3d 634, 651 (8th Cir. 2010) (quoting United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005)). "A multiplicitous indictment is impermissible because the jury can convict the

defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." Id. (internal quotation omitted). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted). Where, as here, the defendant is charged with two violations of the same statute, "the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (internal quotation omitted). "A unit of prosecution is the aspect of activity that Congress intended to punish." Id.

To determine whether this indictment is multiplicitous, this Court must decide whether Congress intended to punish assault with a dangerous weapon as a course of conduct, such that the first bit of assaultive conduct (allegedly involving the use of a handgun) is of a piece with the second bit (allegedly involving the use of a motor vehicle), or "whether Congress sought to punish separately individual acts within an assaultive episode." Chipps, 410 F.3d at 448. Courts in the Eighth Circuit discern "Congressional intent from the statutory language, legislative history, and statutory scheme." Two Elk, 536 F.3d at 898 (internal quotation omitted). "When Congress fails to establish the unit of prosecution clearly and without ambiguity, [courts] resolve doubt as to congressional intent in favor of lenity for the defendant." Chips, 410 F.3d at 448 (internal quotation omitted).

Here, the statutory language and legislative history of 18 U.S.C. § 113(a)(3) do not clearly establish whether Congress intended to define assault with a dangerous weapon in terms of "separate acts" or based on a "course of conduct." See United States v. Erickson, No. CR 01-30057, 2001 WL

2

1176316, at *3-4 (D.S.D. Aug. 31, 2001). Accordingly, this Court applies the rule of lenity and resolves the issue in favor of Defendant. See Chips, 410 F.3d at 449 (applying the rule of lenity where Congress had not specified the relevant unit of prosecution). Application of the rule of lenity in this instance means "interpreting [assault with a dangerous weapon] to be a course-of-conduct offense, as that limits [Defendant's] sentencing exposure." Chipps, 410 F.3d at 449. To determine whether Defendant's alleged interaction with Valandra constituted more than one course of conduct, the Court applies the "impulse test." Id. (citing United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 224 (1952)). Under the impulse test, courts "treat as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single impulse." Id. (internal quotation omitted).

This Court at this time does not know all of the facts surrounding the alleged incident between Defendant and Valandra, so it is difficult to determine whether the incident was of an "uninterrupted nature" such that dismissal or merger of Counts I or II is justified. Compare Chips, 410 F.3d at 449 (finding that defendant's conviction on two counts of simple assault violated the double jeopardy clause because "the uninterrupted nature of the attack on [the victim]" signified a "single impulse underlying [the defendant's] assaultive conduct.") with Sandstrom, 594 F.3d at 652 (finding that district court did not err by refusing to dismiss charges against defendants where attacks at issue were separated by both time and location and defendants had different motivations for engaging in each attack). This Court thus will deny Defendant's motion to dismiss or merge Counts I and II without prejudice to Defendant making another motion to dismiss at the conclusion of the Government's case. See United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003) ("'Whether an aggregate of acts constitutes a single course of conduct and therefore a single offense, or more

3

than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts.'") (quoting Universal C.I.T. Credit Corp., 344 U.S. at 225); United States v. Treadway, 312 F. Supp. 307, 310 (E.D.Va.1970) (declining to rule on a claim of double jeopardy until the record at trial was complete).

Defendant offers three justifications for dismissing Count III, which charges Defendant with child abuse. First, Defendant contends that he was unaware that a minor was in the bed of Valandra's pickup during the alleged incident between Defendant and Valandra. Defendant argues that the "minor had no relationship with and was not in the custody of defendant. The present facts do not meet the 'neglect' language of the statute." (Doc. 38 at 2). In short, Defendant is arguing that Count III should be dismissed due to a lack of sufficient evidence to convict Defendant of child abuse. A court generally should not dismiss a charge based on a defendant's pretrial argument that the government lacks sufficient evidence to convict the defendant of the charge in question. See United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) ("'In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases.'") (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir. 2000)); DeLaurentis, 230 F.3d at 661 ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."). Instead, Defendant's arguments about the factual circumstances surrounding Count III would be more appropriately presented as a defense at trial or in a motion for acquittal after the Government has finished its case. See Fero, 252 F.3d at 968 ("The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by

4

a motion for acquittal pursuant to Federal Rule of Criminal procedure 29. We simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.") (quoting DeLaurentis, 230 F.3d at 661) (internal marks omitted).

Defendant's second argument concerning the dismissal of Count III is that it would be multiplicitous to convict Defendant of Counts I, II, and III when all of the counts arise out of the same incident. This argument assumes, of course, that the basis for Count III is Defendant's alleged assault of Valandra with a handgun and/or a motor vehicle. However, the victim alleged in Count III of the indictment is not Valandra.

Where "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." United States v. Muhlenbruch, 634 F.3d 987, 1002-03 (8th Cir. 2011) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). "If each offense requires proof of an element not required by the other, the crimes are not considered the same, and a double jeopardy challenge necessarily fails." United States v. Good Bird, 197 F.3d 1203, 1204 (8th Cir. 1999).

"The elements of assault with a dangerous weapon are that the defendant (1) assaulted the victim, (2) used a dangerous weapon, (3) acted with the intent to do bodily harm, (4) acted without just cause or excuse, (5) is an Indian, and (6) the offense occurred in Indian Country." United States v. Youngman, 481 F.3d 1015, 1020 (8th Cir. 2007) (citing 18 U.S.C. § 113(a)(3)). To establish a conviction for child abuse, on the other hand, the government must prove that a defendant, without just cause, abused, exposed, tortured, tormented, or cruelly punished a minor, that the defendant was an Indian, and the offense took place in Indian Country. United States v. Iron Hawk, 612 F.3d 1031,

5

1036 (8th Cir. 2010) (citing S.D.C.L. § 26-10-1; 18 U.S.C. § 1153). At least in theory, assault with a dangerous weapon and child abuse each require the government to prove at least one element that the other does not; the former requires use of a dangerous weapon while the latter requires that the victim be a minor. Nor does it matter, as Defendant argues, that Counts I, II, and III arise out of the same alleged incident. See United States v. Larsen, 615 F.3d 780, 788 (7th Cir. 2010) ("In multiplicity challenges the *elements* of each offense—not the specific offense conduct—determine whether two offenses are the same for purposes of double jeopardy."). In this case, how the Indictment reads, the Government must prove that Defendant assaulted Valandra with a dangerous weapon to obtain a conviction on Counts I and II. Under the Indictment, to obtain a conviction on Count III, the Government must prove that Defendant committed an offense of child abuse on a minor—someone different than Valandra. Charging Defendant with assault with a dangerous weapon and child abuse does not violate the double jeopardy clause under the circumstances of this case.

Finally, Defendant argues that Count III should be dismissed because a charge of felony child abuse is superceded by "more specific" provisions in the Major Crimes Act, 18 U.S.C. § 1153,[1]

---

[1] Section 1153 states:
> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian Country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
>
> (b) Any offense referred to in subsection (a) of this section that is not

"dealing with assaultive behavior." (Doc. 38 at 2). While Defendant is correct that the provisions of § 1153 must be strictly construed, this does not limit the Government's discretion to elect to charge one of the crimes enumerated in § 1153 over another. See United States v. Other Medicine, 596 F.3d 677, 681-82 (9th Cir. 2010) (rejecting Native American defendant's argument that if a defendant's conduct falls within more than one of the enumerated crimes of § 1153, the government must charge the offense defined by federal, rather than state law and explaining that "[d]iscretion concerning which of several overlapping crimes to charge rests with federal prosecutors.").[2] Accordingly, Defendant's argument on this point does not justify dismissal of Count III.

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Counts I, II, and III (Doc. 38) is denied without prejudice.

Dated December 28, 2011.

        BY THE COURT:

        /s/ *Roberto A. Lange*
        ROBERTO A. LANGE
        UNITED STATES DISTRICT JUDGE

---

defined and punished by federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the state in which such offense was committed as are in force at the time of such offense.

[2] Defendant also argues that "Count III involving the charge under South Dakota law for cruelty to minors could not be based on the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, either." (Doc. 38 at 3). Because the Court finds that the Government properly can charge Defendant with felony child abuse under the Major Crimes Act, 18 U.S.C. § 1153, there is no need to address Defendant's Assimilative Crimes Act argument.